UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ISAAC HICKS,

    Plaintiff,

v.                                CAUSE NO. 3:21-CV-960 DRL-MGG

BOWMAN *et al.*,

    Defendants.

## OPINION AND ORDER

Isaac Hicks, a prisoner without a lawyer, filed a complaint against fifteen defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hicks, an inmate at the Miami Correctional Facility, alleges that he has not been adequately protected, has not received adequate medical care, and has been retaliated against. He further alleges that his grievances regarding these problems have been mishandled.

On April 9, 2021, Mr. Hicks was jumped in his room in N-dorm. Early the next morning, Sergeant Bowman saw that Mr. Hicks had a black eye and had Mr. Hicks placed

back in his room. At 5:00 p.m., Mr. Hicks was jumped again and stabbed in front of Officer Eakright.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). By contrast, "a complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). "Even if an official is found to have been aware that the plaintiff was at substantial risk of serious injury, he is free from liability if he responded to the situation in a reasonable manner." *Fisher v. Lovejoy*, 414 F.3d 659, 664 (7th Cir. 2005).

Here, the complaint alleges only that Sergeant Bowman knew Mr. Hicks had a black eye. It cannot be plausibly inferred that merely seeing Mr. Hick's black eye would

2

have alerted Sergeant Bowman that Mr. Hicks was at substantial risk of serious and imminent harm. Therefore, Mr. Hicks may not proceed against Sergeant Bowman.

To the extent that Mr. Hicks may be alleging that Officer Eakright should have intervened in the attack that occurred in front of him, "[a] prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (quoting *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007) and *Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002)). Therefore, Mr. Hicks may not proceed against Officer Eakright.

After Mr. Hicks was stabbed, he was taken to the medical department. Mr. Hicks claims he was refused any real medical treatment by Shalana R. Seifert. He was told that he would receive stitches, but his wound was not stitched. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from

3

occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It cannot be plausibly inferred from the allegations here – that Mr. Hicks did not receive stitches even after he was told he would get them - that Shalana R. Seifert was deliberately indifferent to his serious medical needs. Therefore, Mr. Hicks may not proceed on this claim.

After Mr. Hicks had been assessed by the medical department, he was placed in a cell without a bed. He could not stand because his stab wounds hurt, so he laid on the floor. Between 2:00 a.m. and 4:00 a.m., he was moved to another cell. He was not provided with his legal documents. It is unclear how long Mr. Hicks was housed in this cell.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation.

*Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). While a lack of bedding for more than a week may amount to an Eighth Amendment violation, *see Townsend v. Cooper,* 759 F.3d 678, 687 (7th Cir. 2014*)*, the sort of short-term deprivation described here is not sufficiently serious to implicate the Constitution. Likewise, being without one's legal materials following a move does not rise to the level of a constitutional violation.[1]

---

[1] Mr. Hicks does not allege that he was permanently deprived of his legal materials, but even if they were never returned to him, his allegations do not state a claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" But a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees,

Next, Mathew Bisher, Unit Team Manager Angle, Counselor Isaac, and someone from classification sent Mr. Hicks back to N-dorm, where he was attacked. Mr. Hicks has not alleged that any of these individuals knew of a specific, credible, and imminent risk of serious harm to Mr. Hicks if returned to N-dorm. Again, a prior attack alone is insufficient to place guards on notice that they must act. *See Klebanowski*, 540 F.3d at 639–40. More facts would needed to be pleaded to adumbrate a claim.

Mr. Hicks also believes he was sent back to N-dorm out of spite because he said he would file a lawsuit. "To prevail on his First Amendment retaliation claim, [Mr. Hicks] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Mr. Hicks has alleged no facts from which it can be plausibly inferred that his comment about bringing a lawsuit motivated the decision of Mathew Bisher, Unit Team Manager Angle, Counselor Isaac, and the person from classification to place him in N-dorm. Therefore, he may not proceed on a claim for retaliation against these defendants.

---

and they provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). The destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them.

Mr. Hicks was stabbed again on June 4, 2021. Once again, Mr. Hicks has not pleaded any facts suggesting that any defendant had knowledge of a specific, credible, and imminent risk of harm requiring them to take action to protect Mr. Hicks.

Following the attack, Mr. Hicks was taken to the medical department. He claims that he was refused treatment by Jenny McKinney and others. He provides no further details, and it thus cannot be inferred that Jenny McKinney was deliberately indifferent to Mr. Hicks' serious medical needs.

Mr. Hicks was moved to L-dorm. He filed an emergency grievance at the end of June 2021, but he received no response. On August 31, 2021, Mr. Hicks filed another grievance. He wrote numerous people or offices about his problems: the ombudsman, grievance specialist, medical, and classification. He received no response, and he says he continues to be neglected. Mr. Hicks has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he may not proceed on this claim.

Mr. Hicks has also sued Commissioner Robert E. Carter, Supervisor of Classification, Deputy Commissioner James Basinger, Ms. Keifee (N-dorm counselor), Sergeant Heisman (yard officer), Sergeant Betzner (yard officer), and Ms. Wilson. However, other than listing them as defendants, Mr. Hicks does not mention them in the complaint. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d

7

592, 596 (7th Cir. 2009). Because Mr. Hicks does not describe how these individuals were personally involved in the events described in the complaint, he cannot proceed against them.

Finally, Mr. Hicks has sued an unknown officer. The case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

The complaint is short on facts, dates, and specifics. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened

8

to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Hicks may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Isaac Hicks until **May 19, 2022**, to file an amended complaint; and

(2) CAUTIONS Isaac Hicks if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 4, 2022                             *s/ Damon R. Leichty*
                                                   Judge, United States District Court