UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ISAAC HICKS,

        Plaintiff,

        v.                            CAUSE NO. 3:21-CV-960-DRL-JPK

BOWMAN *et al.*,

        Defendants.

OPINION AND ORDER

Isaac Hicks, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding "against Sgt. Bowman and Officer Eakright in their individual capacities for compensatory and punitive damages for failing to protect Mr. Hicks from the attack on April 10, 2021, by the same inmates who attacked him on April 9, 2021, in violation of the Eighth Amendment[.]" ECF 8 at 8. Second, he is proceeding "against Officer Eakright in his individual capacity for compensatory and punitive damages for taking no action to help Mr. Hicks while he was being attacked on April 10, 2021, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Mr. Bishner, Unit Team Manager Angle, and Counselor Isaac in their individual capacities for compensatory and punitive damages for failing to protect Mr. Hicks from the attack on June 4, 2021, by the same inmates who attacked him on April 9, 2021, and April 10, 2021, in violation of the Eighth Amendment[.]" *Id.* The defendants filed a motion for summary judgment, arguing Mr. Hicks didn't exhaust his administrative remedies before filing suit. ECF 20. Mr. Hicks filed a effectively a response called a motion to deny the

defendants' summary judgment motion, and the defendants filed a reply. ECF 42, 43. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner

2

completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

The parties provide evidence Mr. Hicks submitted three grievances at Miami Correctional Facility (MCF) potentially relevant to his claims in this action. Each grievance will be addressed in turn.

First, on May 10, 2021, Mr. Hicks submitted Grievance 128039, complaining that "[ever] since I came in this dorm after I was stabbed and jumped I have yet to see my legal transcripts and documents out of the property room." ECF 22-1 at 6; ECF 22-4 at 1. Mr. Hicks requested as relief that he receive his legal transcripts and documents so he could litigate his ongoing lawsuits. *Id.* Though Mr. Hicks mentioned in Grievance 128039 that he had been stabbed, he cannot rely on this grievance to show he exhausted his failure-to-protect claims in this lawsuit because the grievance focused on his request for legal materials and didn't give the defendants notice that he was grieving their alleged failure to protect. *See Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner satisfies the exhaustion requirement by giving prison officials "notice of, and an opportunity to correct, a problem"). Because Grievance 128039 didn't give prison officials an opportunity to correct the defendants' alleged failure to protect, Mr. Hicks cannot rely on this grievance to exhaust his claims.

Second, Mr. Hicks provides a grievance dated June 15, 2021, in which he complained that correctional officers had failed to protect him when he was stabbed on April 10, 2021 and June 4, 2021. ECF 42-1 at 19. Mr. Hicks' grievance records indicate the

grievance office never received or responded to this grievance. ECF 22-1 at 6-9; ECF 22-3. Moreover, MCF's Grievance Specialist, Michael Gapski, attests he never received or responded to this grievance. ECF 43-1 at 2-3. On August 20, 2021, Mr. Hicks submitted a "Request for Interview" form to Ms. Toben of MCF's Classification Department, asserting he had never received any response to his June 15 grievance. ECF 42-1 at 20. Four days later, Ms. Toben responded that the Classification Department does not handle grievances and that Mr. Hicks should raise the issue with Mr. Gapski. *Id.* There is no evidence Mr. Hicks contacted Mr. Gapski or took any further action with regard to his June 15 grievance.

Here, the offender grievance process provides that, in the event an offender submits a grievance and receives no receipt or response from the grievance office within ten business days, it is the responsibility of the offender to notify the grievance specialist of the lack of response and retain a copy of that notice. ECF 22-2 at 9. But Mr. Hicks didn't comply with that requirement, and instead waited over two months before notifying the Classification Department, not the grievance specialist, of the lack of response. ECF 42-1 at 20. The Classification Department informed Mr. Hicks that he should raise the issue with Mr. Gapski, and there is no evidence he did so. Mr. Gapski attests he has no record of receiving Mr. Hicks' June 15 grievance and that he first saw the document when defense counsel gave it to him in February 2023. ECF 43-1 at 2-3. Accordingly, because the undisputed facts show Mr. Hicks never received any response to his June 15 grievance and didn't comply with the grievance process' requirement to notify the grievance

specialist of the lack of response after ten business days, he didn't exhaust his available remedies with regard to his June 15 grievance.

Third, Mr. Hicks submitted a grievance on August 31, 2021, complaining that he was stabbed on April 10, 2021 and June 4, 2021. ECF 22-1 at 6-8; ECF 22-5. The grievance office rejected this grievance as untimely because it was submitted more than ten business days after the incidents. ECF 22-1 at 7; ECF 22-6. The grievance process allowed Mr. Hicks to correct and resubmit this grievance within five business days with an explanation as to why the grievance was untimely, but he didn't do so. ECF 22-1 at 7. Because the undisputed evidence shows the grievance office properly rejected Mr. Hicks' August 31 grievance as untimely, Mr. Hicks cannot rely on this grievance to show exhaustion. *See* ECF 22-2 at 9 (providing that an offender must submit a grievance "no later than ten (10) business days from the date of the incident giving rise to the complaint").

Accordingly, the undisputed evidence shows Mr. Hicks cannot rely on any of these three grievances to show he exhausted his claims in this lawsuit. Mr. Hicks provides no evidence he submitted any other relevant grievance, or that his administrative remedies were in any way unavailable. Therefore, the defendants have met their burden to show Mr. Hicks didn't exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment is warranted in their favor.

Mr. Hicks also filed a motion seeking a temporary restraining order and protective order. ECF 44. On three occasions the clerk has mailed Mr. Hicks copies of the screening order so that he can send them along with a request for representation to ten attorneys. ECF 30; ECF 32; ECF 40. Three months after Mr. Hicks responded to the summary

5

judgment motion, he indicates he still has not received copies of the screening order. Mr. Hicks asked for a temporary restraining order and protective order, but he does not make a specific request for relief. To the extent that Mr. Hicks is attempting to obtain copies of the screening order now, at this juncture it would not impact the outcome of this case. The summary judgment motion is fully briefed and, as explained above, will be granted. Therefore, the motion for temporary restraining order and protective order will be denied.

For these reasons, the court:

(1) DENIES Isaac Hicks' motion for temporary restraining order and protective order (ECF 44);

(2) GRANTS the defendants' motion for summary judgment (ECF 20);

(3) DENIES Isaac Hicks' motion to deny the defendants' summary judgment motion (ECF 42); and

(4) DIRECTS the clerk to enter judgment in favor of the defendants and against Isaac Hicks and to close this case.

SO ORDERED.

May 15, 2023                                      *s/ Damon R. Leichty*
                                                  Judge, United States District Court