UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ISAAC HICKS,

    Plaintiff,

    v.

BOWMAN *et al.*,

    Defendants.

CAUSE NO. 3:21-CV-960-DRL-JPK

OPINION AND ORDER

Isaac Hicks, a prisoner without a lawyer, moves the court for reconsideration from its order granting summary judgment in favor of the defendants. ECF 47. The court granted the defendants' summary judgment motion because the undisputed facts showed Mr. Hicks filed this lawsuit before he exhausted his administrative remedies related to his claim the defendants failed to protect him from an attack by other inmates in April 2021 and June 2021. ECF 45. Specifically, the undisputed facts showed that (1) Mr. Hicks submitted one grievance in May 2021, but this grievance complained only that he was being denied access to legal materials and did not allege the defendants had failed to protect him; (2) Mr. Hicks submitted a second grievance in June 2021, but the grievance office did not respond to this grievance and Mr. Hicks did not comply with the Offender Grievance Process' requirement to notify the grievance specialist of the lack of response; and (3) Mr. Hicks submitted a third grievance in August 2021, which was properly rejected as untimely. *Id.*

In his motion for reconsideration, Mr. Hicks raises two arguments. First, Mr. Hicks argues his administrative remedies were unavailable because he was in restrictive housing between April 2021 and December 2021 and did not have access to grievance forms. ECF 47 at 1-2. But Mr. Hicks cannot raise this argument for the first time in a motion for reconsideration, as he could have raised it in his response to the summary judgment motion. *See King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"); *Publishers Resource v. Walker–Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985) (holding that a motion for reconsideration cannot be used to introduce new evidence or arguments that could have been presented during the pendency of the previous motion). Regardless, it is undisputed Mr. Hicks was able to submit at least three grievances between April 2021 and December 2021, and he does not explain how his placement in restrictive housing prevented him from fully exhausting these grievances.

Second, Mr. Hicks argues he was not competent to litigate his claims against the defendants because he is ignorant of civil law and was unable to obtain counsel. ECF 47 at 2-3. But this is not a valid basis for reconsideration of the court's summary judgment order, as Mr. Hicks responded adequately to the summary judgment motion and his competency was not a factor in granting summary judgment in favor of the defendants. *See Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

Thus, Mr. Hicks has not provided any argument that warrants reconsideration of the court's order granting summary judgment in favor of the defendants. For these reasons, the motion to reconsider (ECF 47) is DENIED.

SO ORDERED.

September 11, 2023          *s/ Damon R. Leichty*
                      Judge, United States District Court